Argued and submitted January 4, affirmed September 13, reconsideration denied November 9, 1989, petition for review denied January 11, 1990 (309 Or 231)

# HEALTHLINK,
## dba Group Management Services,
*Respondent,*

*v.*

## STURDEVANT et ux,
*Appellants.*

(87-18285; CA A48260)

779 P2d 624

Allyn E. Brown, Newberg, argued the cause for appellants. With him on the briefs was Brown and Tarlow, P.C., Newberg.

R. P. Joe Smith, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendants appeal a judgment for plaintiff for $6,720 for hospital treatment of their son. They assert that the court erred when it denied their motion for a directed verdict at the close of plaintiff's case, ORCP 60, and that "there was insufficient evidence to support the court's verdict and judgment in favor of plaintiff and against defendants." On appeal, they raise only one of their arguments below—that there was insufficient evidence that the hospital charges were reasonable. We affirm.

There is substantial evidence of these facts. Defendants enrolled their son in the inpatient drug rehabilitation program at Physicians and Surgeons Hospital on September 10, 1985. He stayed at the hospital until September 29, 1985, when he was moved to another medical facility for treatment of appendicitis. On October 1, 1985, defendants' son reentered the hospital to participate in its program and stayed 32 days until November 2, 1985. On November 8, 1985, the hospital billed defendants $4,299.05 for their son's first stay. After the hospital credited insurance payments to the account, defendants paid the balance of $1,140. On December 10, 1985, the hospital billed defendants $6,720 for "room and care rehabilitation at $210 per day" for the son's second stay. Defendants refused to pay the bill. The hospital assigned the account to plaintiff.

The court did not err when it denied defendants' motion and gave a judgment to plaintiff. Defendants made an express contract with the hospital to pay for their son's treatment "in accordance with the rates and terms of the hospital."[1] Under the contract, defendants agreed to pay the hospital's rates.[2] The billing of December 10, 1985, was evidence of those rates.[3] Plaintiff did not need to prove that the charges were reasonable.

---

[1] Defendants argue that, at trial, plaintiff relied on an implied, not an express contract. Plaintiff pleaded, however, that defendants owed it $6,720 under a "contract." That allegation was broad enough for plaintiff to prove an express contract.

[2] Defendants do not argue that the parties did not agree on a price or daily rate or that the court could not determine what it was.

[3] Defendants did not urge below what they urge here for the first time: Plaintiff's evidence, including the December 10, 1985, billing, did not show that the hospital's daily rate was $210. Accordingly, we do not consider that argument.

Affirmed.